IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KARLA HASKINS | § | |
| VS. | § | CIVIL ACTION NO. 9:25-cv-130 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE HEALTH SERVICES DIVISION | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff Karla Haskins, proceeding *pro se*, filed this Emergency Motion for Immediate Medical Relief Under 42 U.S.C. § 1983 on behalf of Michael Shane Haskins, #00918422, an inmate confined at the Powledge Unit of the Texas Department of Criminal Justice, Correctional Institutions Division.

The above-styled action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to United States Magistrates.

### Analysis

Plaintiff alleges inmate Haskins sustained a serious spinal injury after slipping on a wet floor at the Powledge Unit during August or September, 2024. Plaintiff claims his condition worsened significantly, and by November, 2024, Haskins exhibited signs of Cauda Equina Syndrome ("CES") including severe back pain, bowel dysfunction, and leg weakness.

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claims arose.

The claims which form the basis of Plaintiff's complaint occurred at the Powledge Unit which is located in Anderson County, Texas. Pursuant to 28 U.S.C. § 124, Anderson County is

located in the Eastern District of Texas. As a result, venue is proper in the Eastern District of Texas. However, while Anderson County is in the Eastern District of Texas, it is in the Tyler Division of such district, rather than the Lufkin Division.

When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

For the reasons set forth above, this case should be transferred to the Tyler Division of this court. A Transfer Order shall be entered in accordance with this Memorandum.

**SIGNED this the 28th day of April, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE